# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

RHONDA R. HESS,

        Plaintiff,

v.

NANCY A. BERRYHILL[1], Commissioner of Social Security,

        Defendant.

Case No. 2:18-cv-02431-DJA

**ORDER**

This matter involves the review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Rhonda R. Hess' ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The Court has reviewed Plaintiff's Motion for Reversal or to Remand (ECF No. 11), filed on April 12, 2019, and the Commissioner's Response and Cross-Motion to Affirm (ECF Nos. 16-17), filed on July 16, 2019. Plaintiff filed a Reply (ECF No. 18) on August 6, 2019.

## I. BACKGROUND

### 1. Procedural History

On March 9, 2015, Plaintiff protectively applied for disability insurance benefits, alleging an onset date of November 5, 2014. AR[2] 173. Plaintiff's claim was denied initially, and on reconsideration. AR 92-5 and 105-110. A hearing was held before an Administrative Law Judge ("ALJ") on August 31, 2017. AR 32-65. On February 21, 2018, the ALJ issued a decision denying Plaintiff's claim. AR 14-31. The ALJ's decision became the Commissioner's final

---

[1] Andrew Saul is now the Commissioner of Social Security and substituted as a party.

[2] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 7).)

decision when the Appeals Council denied review, on October 31, 2018. AR 1-6. On December 27, 2018 Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Compl. (ECF No. 1).)

### 2. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520. AR 19-27. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of November 5, 2014 through the date of the decision. AR 19. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of irritable bowel syndrome, celiac disease, hypertension, and gastroesophageal reflux disease (GERD) and non-severe impairments of right shoulder pain, tachycardia, hypothyroidism, small hiatal hernia, anxiety, and depression. *Id.* at 19-20. He rated the paragraph B criteria as no limitation, no limitation, mild limitation, and no limitation. *Id.* at 20. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 22. At step four, the ALJ found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels with the following nonexertional limitations: occasionally stoop, bend, kneel, crouch, crawl, or climb ramps or stairs but never climb ropes, ladders, or scaffolds; due to irregular bowel movements, need two restroom breaks in addition to the customary morning, afternoon, and lunch breaks during an eight-hour work day. *Id.* The ALJ found that Plaintiff is capable of performing her past relevant work as a valet attendant and parking lot attendant supervisor as the positions are actually and normally performed. *Id.* at 26. This work does not require the performance of work-related activities precluded by the claimant's RFC. *Id.* Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from November 5, 2014, through the date of the decision. *Id.* at 27.

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g)

states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific

findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* §

404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the

---

[3] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform her past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If she is able to do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

**3.    Analysis**

    **a.    Whether the ALJ Properly Considered Plaintiff's Subjective Testimony**

Plaintiff contends that the ALJ found no evidence of malingering so he was required to cite clear and convincing reasons for rejecting Plaintiff's pain and limitation testimony, which he failed to do.  (ECF No. 11, 11).  She claims that the ALJ's summary of the medical evidence is not sufficient grounds to reject her testimony.  (*Id.* at 12-14).  Plaintiff also argues that the ALJ erred in rejecting Plaintiff's testimony based on the conflicting opinion evidence and inconsistent activities of daily living.  (*Id.* at 15-16).  She further contends that the ALJ was unclear as to why he rejected Plaintiff's testimony regarding restroom breaks and the RFC does not reflect her pain

and limitations. (*Id.* at 16-17). The Commissioner responds that the ALJ properly found Plaintiff's testimony not fully supported by the record because he cited to inconsistencies in Plaintiff's activities of daily living, the objective medical evidence, and the fact that the medical evidence was largely in accord with the assigned RFC. (ECF No. 16, 2-5). Plaintiff replies with the contention that she is entitled to judgment as a matter of law, but adds no further substantive argument. (ECF No. 18).

While an ALJ must consider a plaintiff's representations about her symptoms and limitations, her statements about her "pain or other symptoms will not alone establish that" she is disabled. 20 C.F.R. § 404.1529(a). In fact, an "ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Specifically, the ALJ must state why the testimony is unpersuasive and point to what testimony or evidence undermines the claimant's testimony. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints); *see also Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding).

The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). Moreover, the Court notes that SSR 16-3 clarified that ALJ no longer has to make credibility findings, but rather, evaluate the extent to which the alleged functional limitations and restrictions due to pain and other symptoms are consistent with the other evidence. If "evidence can support either affirming or reversing the ALJ's decision," the Court may not substitute its judgment for that of the ALJ's. *Robbins*, 466 F.3d at 882.

1       Here, the ALJ considered the contrary objective medical evidence to Plaintiff's subjective
2  claims. He noted her treatment notes indicated she stopped taking her diet pills, had a special
3  diet, and reported less abdominal pain and bloating as of March 2016. AR 24. Further, the ALJ
4  underscored that her examination in January of 2017 and more recent treatment notes in May
5  2017 were normal. AR 25. Thus, the medical treatment in the record conflict with Plaintiff's
6  claim of disabling level pain and symptoms. *See Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir.
7  2003) (pain complaints properly rejected where the ALJ "reasonably noted" evidence that pain
8  had come under control). Also, the consultative examination showed tenderness in her abdomen,
9  but Plaintiff was able to sit and rise without difficulty and walk with normal gait, which led the
10 consultative examiner to assess her with no exertional limitations. *Id.* As such, the medical
11 opinion evidence supports the ALJ's finding that Plaintiff's testimony is inconsistent with the
12 overall record. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (medical
13 source reports support the ALJ's determination).

14      Moreover, the ALJ highlighted Plaintiff's inconsistent statements that undermined the
15 credibility of her claims. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) ("ALJ may
16 consider inconsistencies either in the claimant's testimony or between the testimony and the
17 claimant's conduct."); *see also Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ
18 properly found claimant "demonstrated better abilities than he acknowledged in his written
19 statements and testimony"). For example, he highlighted that her allegation that she engages in
20 few social activities is inconsistent with the record that she engaged in a wider range of activities
21 and more social interaction. AR 20-21. After a careful review of the ALJ's evaluation of
22 Plaintiff's alleged limitations and pain and other symptoms, the Court finds that he complied with
23 SR 16-3 and the Ninth Circuit standard such that it may not substitute its judgment for that of the
24 ALJ's. *See Burch*, 400 F.3d at 679. Therefore, the Court concludes that the ALJ's decision is
25 supported by substantial evidence and free from reversible legal error.

26 **III.    CONCLUSION AND ORDER**

27      Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No.
28 11) is **denied**.

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 16) is **granted**.

DATED: February 6, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE